UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MABEL CASTELLON                                  CIVIL ACTION

VERSUS                                           NO. 19-11900

JAMES RIVER INSURANCE COMPANY                    SECTION: "H"

ORDER AND REASONS

Before the Court is Defendant's Motion for Partial Summary Judgment (Doc. 19). For the following reasons, the Motion is **DENIED**.

BACKGROUND

This case arises out of a motor vehicle collision that took place on July 18, 2018 on David Drive in Jefferson Parish, Louisiana ("the July 2018 accident"). Plaintiff, Mabel Marcella Castellon, was driving guest passengers as an independent driver through Uber when she was rear-ended by Roberto Williams. Roberto Williams was permissibly driving a car owned by Jennifer Baker, and she was insured with Progressive. Her policy with Progressive provided for coverage of bodily injury damages to third parties in the amount of $15,000 each person/$30,000 each accident. Ms. Castellon settled her claim against Progressive for $14,523.60 on June 26, 2018.

On June 14, 2019, Plaintiff filed this action against Defendant James River Insurance Company, her uninsured/underinsured motorist insurer ("UM"), in the 24th Judicial District Court for the Parish of Jefferson. Plaintiff alleged that Roberto Williams and Jennifer Baker were underinsured for her

1

injuries. In the Complaint, Plaintiff also alleged that Defendant was arbitrary and capricious in failing to pay her underinsured motorist benefits or to tender her the full amount under her UM policy. The action was removed to this Court on July 26, 2019 on diversity grounds. Defendant now moves this Court for partial summary judgment, seeking dismissal with prejudice of Plaintiff's arbitrary and capricious claim.

## **LEGAL STANDARD**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[1] "As to materiality . . . [o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."[2] Nevertheless, a dispute about a material fact is "genuine" such that summary judgment is inappropriate "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[3]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[4] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[5] Summary judgment is

---

[1] FED. R. CIV. P. 56.
[2] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
[3] *Id*. at 248.
[4] Coleman v. Hous. Indep. Sch. Dist., 113 F.3d 528, 533 (5th Cir. 1997).
[5] Engstrom v. First Nat'l Bank, 47 F.3d 1459, 1462 (5th Cir. 1995).

appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[6]

"In response to a properly supported motion for summary judgment, the nonmovant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the nonmovant on all issues as to which the nonmovant would bear the burden of proof at trial."[7] The Court does "not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[8] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[9]

## LAW AND ANALYSIS

"An insurer owes its insured a duty of good faith and fair dealing. As such, an insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims."[10] Louisiana Revised Statute § 22:1892(B)(1) provides for penalties against a UM insurer who fails to pay a claim within 30 days after receiving satisfactory proof of loss if the failure is found to be arbitrary, capricious, and without probable cause.[11] "Whoever claims entitlement to penalties and attorney fees bears the burden of proving that the insurer received satisfactory proof of loss as a predicate to showing

---

[6] Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).
[7] Johnson v. Deep E. Tex. Reg. Narcotics Trafficking Task Force, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).
[8] Badon v. R J R Nabisco, Inc., 224 F.3d 382, 393–94 (5th Cir. 2000) (quoting Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)).
[9] Boudreaux v. Banctec, Inc., 366 F. Supp. 2d 425, 430 (E.D. La. 2005).
[10] Jones v. Johnson, 56 So. 3d 1016, 1021 (La. App. 2 Cir. 2010).
[11] *Id.*; LA. REV. STAT. § 22:1892(B)(1).

3

that the insurer's failure to pay was arbitrary, capricious, or without probable cause."[12]

Satisfactory proof of loss must fully apprise the insurer of the insured's claim.[13]

> For a UM claim, the claimant provides satisfactory proof of loss when the insurer receives sufficient facts to fully apprise it of the following:
>
> (1) the uninsured or underinsured status of the owner or operator of the other vehicle involved in the accident;
> (2) the fault of the owner or operator of the other vehicle;
> (3) the damages resulting from such fault; and
> (4) the extent of those damages.[14]

"Once the four criteria are met, the insurer cannot refuse to pay the claim on the basis that the insured is unable to prove the exact extent of the general damages, which are by their nature subjective."[15] If the insurer refuses to pay out the reasonable amount that is due within 30 days of having satisfactory proof of loss, penalties and attorney's fees under the statute can only be imposed if it is "clearly shown that the insurer was in fact arbitrary, capricious, or without probable cause in refusing to pay."[16] "This determination depends on the facts known to the insurer at the time of its action."[17] "The statutory sanctions should be imposed only where the facts negate probable cause for nonpayment."[18]

Defendant asks this Court to dismiss Plaintiff's claim for penalties and fees under the statute, arguing that she cannot succeed on her claim as a

---

[12] *Jones*, 56 So. 3d at 1021 (citing Reed v. State Farm Mut. Auto. Ins. Co., 857 So. 2d 1012 (La. 2003)).
[13] McDill v. Utica Mut. Ins. Co., 475 So. 2d 1085, 1089 (La. 1985).
[14] *Jones*, 56 So. 3d at 1021 (citing *McDill*, 475 So. 2d at 1089).
[15] *Id.* at 1022.
[16] *Id.* at 1023.
[17] *Id.*
[18] *Id.*

matter of law because she "cannot prove Louisiana's statutory requirement of satisfactory proof of loss."[19] The Court will first begin by determining whether Plaintiff provided Defendant with satisfactory proof of loss.

### A. Uninsured/Underinsured Status of Driver and Owner of Offending Vehicle

Defendant argues that when Plaintiff initially made her allegations of arbitrary and capricious behavior in June 2019, Plaintiff did not fully apprise it of sufficient facts to determine the underinsured status of the owner and driver of the other vehicle. Defendant avers that Louisiana Revised Statutes § 22:1295(6) provides three methods for establishing prima facie proof of underinsured status and that Plaintiff only fulfilled her obligations under the statute on January 28, 2020, when she provided Defendant with affidavits from the State of Louisiana's Department of Public Safety.[20] Thus, Defendant concedes that the first element necessary for satisfactory proof of loss was met on January 28, 2020.

### B. The Fault of the Owner or Operator of the Other Vehicle

Defendant makes no argument as to this element. Thus, the Court presumes that Defendant concedes that this element is met.

### C. The Extent of Plaintiff's Damages

On January 21, 2020—a week before Defendant received proof of the driver and owner's underinsured status—Plaintiff's counsel contacted defense counsel with a settlement suggestion in the amount of $220,283.55—$150,000 for general damages, $50,000 for loss of earning capacity, and $20,283.55 for medical expenses.[21] The email included an attachment entitled "Medical

---

[19] Doc. 19-8 at 4.
[20] *Id.* at 8.
[21] Doc. 19-18 at 1.

Summary."[22] The Medical Summary provided a review of all of Plaintiff's medical appointments and expenses from the date of the July 2018 accident through the time it was sent to Defendant in January 2020 for a total of $20,283.55. Moreover, Plaintiff's treating orthopedic doctor, Dr. Bostick, was deposed by Defendant on March 4, 2020. Dr. Bostick testified as to the extent of Plaintiff's injuries.[23] Thus, there is no genuine dispute of material fact regarding whether Plaintiff fully apprised Defendant of the extent of her damages.

### D. Damages Resulted from Fault of Other Driver

Defendant argues that by the time it was fully apprised of the underinsured status of the other vehicle's owner and driver on January 28, 2020, "substantial and reasonable questions of medical causation and the extent of Ms. Castellon's injuries and damages existed."[24] Defendant notes that Plaintiff was involved in three car accidents following the July 2018 accident: one on January 15, 2019; one on February 9, 2019; and one on March 24, 2019. Defendant stresses that in January 2020, it received additional medical opinions that outlined "serious concern and questions regarding Ms. Castellon's candidness with her treating physician, Dr. Douglas Bostick, about plaintiff's subsequent accidents."[25] Defendant avers that it had doubts about the July 2018 accident's "medical causation considering the subsequent accidents."[26] Defendant appears to argue that Plaintiff did not fully apprise it of facts sufficient to establish that Plaintiff's medical expenses arose from the July 2018 accident and not the three subsequent accidents.

---

[22] *Id.* at 2.
[23] *See* Doc. 26-5.
[24] Doc. 19-8 at 12.
[25] *Id.*
[26] *Id.* at 6–7.

Plaintiff argues that Dr. Bostick's March 4, 2020 deposition testimony fully apprised Defendant of the causation element. At his deposition, Dr. Bostick testified that Plaintiff suffered an ankle injury in the July 2018 accident, that the injury is a permanent chronic condition, and that the subsequent accidents had no visible effects on her original injury.[27] Plaintiff therefore argues that "all four criteria for a satisfactory proof of loss claim were met no later than March 4, 2020."[28]

This Court must view the facts "in the light most favorable to the non-movant and draw[] all reasonable inferences in [her] favor."[29] A reasonable factfinder privy to the facts presented by both Plaintiff and Defendant could conclude that some, many, or all of Plaintiff's damages incurred after the subsequent accidents are attributable to the July 2018 accident. Defendant, as movant, bears the burden of showing no genuine dispute of material fact on this issue. At most, Defendant presents this Court with a fact question as to whether all, many, or some of Plaintiff's damages were incurred from the July 2018 accident and not aggravated by the subsequent accidents. Indeed, this Court notes that Plaintiff treated for six months and incurred $10,916.55 in medical expenses after the July 2018 accident and before the second accident.[30] Certainly a jury could find that Defendant was arbitrary and capricious for failing to tender a UM payment for damages sustained in excess of $15,000. The jury is the appropriate factfinder for such a question.

---

[27] *See* Doc. 26-5.
[28] Doc. 26 at 5.
[29] *Coleman*, 113 F.3d at 533.
[30] Doc. 19-18 at 2 ($930 for services with Dr. Pranikoff from July 23, 2018 through September 27, 2018; $125 for x-rays on September 10, 2018; $1,725 for an MRI on October 18, 2018; $500 for an appointment with Dr. Bostick on October 9, 2018; $5,568.55 for a September 11, 2018 Tulane Lakeside Hospital visit; and $2,068 for a September 11, 2018 visit with Dr. Martin).

A reasonable jury could conclude that Plaintiff fully apprised Defendant with facts showing that her damages resulted from the July 2018 accident and that Plaintiff's damages exceeded the amount she received by Progressive over which reasonable minds could not differ. "[T]he insurer cannot refuse to pay the claim on the basis that the insured is unable to prove the exact extent of the general damages, which are by their nature subjective."[31] Accordingly, this Court cannot conclude that Defendant was not arbitrary or capricious as a matter of law because there is a genuine dispute of material fact regarding whether Plaintiff provided satisfactory proof of loss.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Partial Summary Judgment (Doc. 19) is **DENIED**.

New Orleans, Louisiana this 13th day of July, 2020.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**

---

[31] *Id.* at 1022.